# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **SOVREN GROUP, INC.** | § | |
| | § | |
| **Plaintiff,** | § | **Civil Action No. 1:13-cv-290** |
| | § | |
| **v.** | § | |
| | § | |
| **REED BUSINESS** | § | |
| **INFORMATION LTD., NATHAN** | § | |
| **BELLAMORE, DAVID L. HUNT,** | § | |
| **AND ROBERT CALLAGHAN** | § | |
| | § | **JURY TRIAL DEMANDED** |
| | § | |
| **Defendants.** | § | |

---

# COMPLAINT

---

## The Parties

1.  Plaintiff Sovren Group, Inc. (hereinafter "Sovren" or "Plaintiff") is a Texas corporation, with a principal place of business at 1107 RM 1431, Suite 205, Marble Falls 78654.

2.  Upon information and belief, Defendant Reed Business Information Ltd. ("Reed") is an English company with its principal place of business at Quadrant House, The Quadrant, Sutton, Surrey SM2 5AS, England.

3.  Upon information and belief, Defendant Nathan Bellamore ("Bellamore") is an individual residing in England, with a business address of Argus House, 175 St. John Street, London EC1V 4LW, England.

4.  Upon information and belief, Defendant David L. Hunt ("Hunt") is an individual residing in England, with a business address of Argus House, 175 St. John Street, London EC1V 4LW, England.

5.      Upon information and belief, Defendant Robert Callaghan ("Callaghan") is an individual residing in England, with a business address of Quadrant House, The Quadrant, Sutton, Surrey SM2 5AS, England.  Reed, Bellamore, Hunt, and Callaghan are collectively referred to herein as "Defendants," unless otherwise individually specified.

**Jurisdiction and Venue**

6.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1338 because this action is for copyright infringement and arises under the Copyright Laws of the United States, Title 35 of the United States Code.

7.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400.

## GENERAL AVERMENTS

**Plaintiff's Copyrights**

8.      Sovren creates, offers, licenses and/or sells rights in and to its software, including the Sovren Resume/CV Parser and the Sovren Document Converter (collectively, the "Software").

9.      The Software is wholly original and copyrightable subject matter under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*, as amended.

10.     Plaintiff has complied with the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.,* as amended, and has filed an application to secure for itself the exclusive rights and privileges in the copyrights in and to the Software. *See* **Exhibit A**.

**Defendants and Their Infringing Activities**

11.     According to its website at www.reedbusiness.com/about-us, Reed is a "leading provider of business information, data and marketing solutions in multiple formats," that produces "industry critical data services and lead generation tools, as well as online community

and job sites," and publishes "business magazines with market leading positions in many sectors." *See* excerpts from Defendants' website, attached hereto as **Exhibit B**.  Callaghan is, upon information and belief, currently employed with Reed.  Defendants Bellamore and Hunt were previously employed by Reed.  Defendants Bellamore, Hunt and Callaghan have worked with the Software, and upon information and belief, were responsible for the implementation of the Software at Reed and are responsible for using and copying the Software in connection with their various and/or individual business endeavors in connection with and/or apart from Reed.

11.     The Software was licensed to Defendants pursuant to a written license agreement (the "Agreement"), attached hereto as **Exhibit C**.  The Agreement expressly states, *inter alia*, that the intellectual property in the Software belongs exclusively to Sovren, that Defendants acquire no rights in and to the Software other than the limited right to use pursuant to the Agreement, and that Defendants shall have no rights in or to the source code to the Software.

12.     Sovren previously inquired of Defendants as to any intended renewal of the Agreement.  Defendants did not directly answer Sovren's repeated attempts to communicate with Defendants, as indicated by the correspondence attached hereto as composite **Exhibit D**.

13.     Sovren has since discovered, however, that Defendants have continued to use the source code to the Software for its own commercial purposes, despite not being licensed by Sovren to do so.  Defendants have, for example, copied Sovren's source code and/or the Software, and have reproduced, publicly displayed, created derivative works thereof, and/or distributed copies of such source code and Software in Defendants' own commercial offerings. *See* composite **Exhibit E**.

14.     The Software was provided to Defendant Reed pursuant to terms of the Agreement.  Callaghan, Hunt and Bellamore were all employees of Reed at the time the

Software was delivered to Reed, pursuant to the terms of the Agreement.  Upon information and belief, Defendant Callaghan is still an employee of Reed, and is one of the principal developers of software products for Reed.  Reed knew or should have known that it and its employees did not possess rights to use the Software or the source code to the Software outside the terms of the Agreement.  Defendants Hunt, Callaghan and Bellamore have taken action with respect to the Software that is outside the scope of the Agreement, and that Reed knew or should have known was outside the scope of the Agreement.  Reed either provided the Software or source code to the Software to Defendants Hunt, Callaghan and Bellamore, or did not exercise sufficient control over the Software and thereby enabled Defendants Hunt, Callaghan and Bellamore to access the Software for their own purposes.

15.     Defendant's infringing activities have been willful, and in knowing disregard of Sovren's rights, and are without authorization or permission of Sovren.

## COUNT I – WILLFUL COPYRIGHT INFRINGEMENT

16.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 15 of this Complaint as if fully set forth herein.

17.     Plaintiff's cause of action for copyright infringement arises under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*, as amended, particularly 17 U.S.C. §§ 106(1)-(3), 501, and 602.

18.     Defendants have willfully, deliberately, and unlawfully copied Plaintiff's Software in the creation of Defendants' own commercial products or offerings.  Defendants have impermissibly reproduced, publicly displayed, created derivative works thereof, and/or distributed Plaintiff's source code and/or Software.  Such acts have been without the permission of Plaintiff and constitute willful and deliberate infringements of Plaintiff's copyrights in

Plaintiff's source code and/or Software in derogation of 17 U.S.C. §§ 106(1)-(3), 501, and 602.

## COUNT II – BREACH OF CONTRACT

19.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 18 of this Complaint as if fully set forth herein.

20.     Plaintiff's cause of action for breach of contract arises under the laws of the state of Texas and/or federal law.

21.     Plaintiff entered into a valid contract (the Agreement) regarding licensing of the Software.  Defendants have knowingly, recklessly or negligently breached the terms of the Agreement by using the Software, reproducing it, publicly displaying it, distributing it, and/or creating derivative works thereto, all without the authorization of Plaintiff.  Such acts have caused damages and harm to Plaintiff, for which injunctive relief is requested.

## COUNT III - UNFAIR COMPETITION (MISAPPROPRIATION)

22.     Plaintiff repeats the allegations of paragraphs 1-21 above as if fully set forth herein.

23.     Plaintiff has invested extensive time, labor, skill, money, and resources in the design, development, and/or creation of the Software.

24.     Defendants have willfully copied the Software and source code to the Software. Defendants' copying of the Software was in competition with Plaintiff, and thereby enabled Defendants to gain a special advantage in that competition (*i.e.*, a "free ride") because Defendants were burdened with little or none of the expense incurred in designing, developing, and/or creating the products competitive to the Software.

25.     Defendants' copying of the Software commercially damaged Plaintiff.

26.     The acts of Defendants complained of above constitute unfair competition and misappropriation actionable under the common law of the State of Texas.

### COUNT IV - FALSE DESIGNATION OF ORIGIN OF GOODS AND FALSE DESCRIPTION AND REPRESENTATION

27.     Plaintiff repeats the allegations of paragraphs 1-26 above as if fully set forth herein.

28.     This cause of action arises under section 43(a) of the Lanham Act [15 U.S.C. § 1125(a)] for false designation of the origin of goods and false description and representation.

29.     By reason of the foregoing acts, the Defendants have falsely designated the origin of goods or services they are marketing and have otherwise made false descriptions and representations about such goods or services.  The Defendants' activities are likely to create confusion among the purchasing public, are likely to deceive purchasers concerning the source or sponsorship of such goods or services, and will otherwise mislead purchasers as to the origin of the goods or services offered by the Defendants, and cause purchasers and others to believe that Defendants' products or services come from Plaintiff, or are sponsored or approved by Plaintiff, causing irreparable injury to Plaintiff.

### COUNT V - CONVERSION

30.     Plaintiff repeats the allegations of paragraphs 1-29 above as if fully set forth herein.

31.     Upon information and belief, Defendants wrongfully exercised dominion or control over, and/or wrongfully took, misappropriated or converted Plaintiff's property (i.e., the Software and/or the source code to the Software) in denial of, or inconsistent with, Plaintiff's rights in such property, to the detriment and damage of Plaintiff.

**DAMAGES**

32.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 31 of this Complaint as if fully set forth herein.  Plaintiff has suffered, is suffering, and will continue to suffer irreparable harm and injury as a result of Defendants' aforesaid activities. Defendants will, unless restrained and enjoined, continue to act in the unlawful manner complained of herein, all to Plaintiff's irreparable damage.   Plaintiff's remedy at law is not adequate to compensate it for the injuries suffered and threatened.  By reason of Defendants' acts complained of herein, Plaintiff has suffered monetary damages in an amount that has not yet been determined, but which is in excess of the jurisdictional limits of this Court.

**REQUEST FOR JURY TRIAL**

33.     Plaintiff hereby demands that this cause be tried by a jury.

**PRAYER**

34.     WHEREFORE, Plaintiff demands:

A.    That Defendants and its and their agents, officers, directors, employees, servants, representatives, customers, privies, successors and assigns, and all holding by, through or under Defendants, and all those acting for or on the behalf of Defendants, or in active concert, participation, or combination with Defendants, be enjoined and restrained, immediately and preliminarily (*i.e.*, a temporary restraining order, preliminary injunction, and/or permanent injunction as deemed appropriate by the Court), during the pendency of this action and permanently thereafter from:

      (1)     Using, reproducing, publicly displaying, publicly performing, distributing Plaintiff's copyrighted material, and creating derivative works thereof;

      (2)     Otherwise violating Plaintiff's copyrights.

B.      That this Court order Defendants and its and their agents, officers, directors, employees, servants, representatives, customers, privies, successors and assigns, and all holding by, through or under Defendants, and all those acting for or on the behalf of Defendants, or in active concert, participation, or combination with Defendants, to deliver up to this Court, and to permit the seizure by Officers appointed by the Court of all articles and materials infringing upon the rights of Plaintiff, and particularly, without limitation, all products and materials which embodies or includes the infringing products and materials, and to be delivered up for destruction on the issuance of a final Order in this action, including all infringing products and materials, and Defendants submit in writing, under oath, a description of all actions taken to comply with this portion of the Order.

C.      An accounting for and an award of the profits earned by Defendants as a result of its illegal acts related to Plaintiff's copyrights and the damages suffered by Plaintiff as a result of Defendants' illegal acts related to Plaintiff's copyrights.

D.      An award of the damages suffered by Plaintiff as a result of Defendants' acts of infringement.

E.      That Defendants be ordered to pay to Plaintiff the costs of this action, prejudgment interest, and post-judgment interest.

F.      That Defendants be ordered to pay Plaintiff's reasonable attorneys' fees, experts' fees, and costs.

G.      That Plaintiff be awarded such other and further relief as the Court may deem just and proper.

Respectfully submitted,


/s/Dwayne K. Goetzel
Dwayne K. Goetzel
Texas State Bar No. 08059500
Eric B. Meyertons
Texas State Bar No. 14004400
Ryan T. Beard
Texas State Bar No. 24012264
MEYERTONS, HOOD, KIVLIN,
   KOWERT & GOETZEL, P.C.
1120 S. Capital of Texas Highway
Building 2, Suite 300
Austin, Texas 78746
(512) 853-8800 (telephone)
(512) 853-8801 (facsimile)

**ATTORNEYS FOR PLAINTIFF
SOVREN GROUP, INC.**